[No. 2692.]

The Florence and Cripple Creek Railroad Company v. Maloney.

The Florence and Cripple Creek Railroad Company v. Allen.

Appellate Practice—Judgments—Voluntary Nonsuit—Dismissal —Redocketing on Error.

Where, after plaintiffs had concluded their testimony and rested, defendant moved that the jury be directed to return a verdict for defendant and the court announced that it would sustain it, whereupon plaintiffs asked leave to take a voluntary nonsuit without prejudice to the commencement of another action which was granted and judgment was entered accordingly, the judgment was one in favor of the defendant and against the plaintiffs, from which no appeal by defendant would lie, and an appeal by defendant from such judgment must be dismissed, but as the court would have jurisdiction to review the judgment on writ of error the cause will be redocketed on error.

*Appeal from the District Court of Fremont County.*
*(Consolidated Causes.)*

Mr. Henry M. Blackmer and Mr. Karl C. Schuyler, for appellant.

Mr. Joseph H. Maupin, for appellees.

Wilson, P. J.

Upon trial, after the evidence on the part of the plaintiffs had been concluded and they had rested, the defendant moved that the jury be instructed to return a verdict in its favor. The court after hearing argument on this motion, announced that it would sustain it, and that a verdict would be directed in favor of the defendant. Thereupon plaintiffs asked leave to withdraw a juror, and to amend their com-

plaints in certain particulars. This was denied. Plaintiffs then offered to prove certain matters by a certain witness. To this defendant objected, and the objection was sustained. Thereupon plaintiffs asked leave to take a voluntary nonsuit in each of the cases, without prejudice to the commencement of other suits. Defendant objected, and the objection was overruled by the court, and plaintiffs' motion for voluntary nonsuit was allowed. Judgment was entered accordingly, and defendant appeals. Appellees move to dismiss the appeal.

That in this state the right of appeal is purely statutory, and can be exercised only by the party against whom the judgment is rendered, has been settled by such numerous decisions of this court and of the supreme court, that no citation of authorities is necessary. Indeed, the proposition is not controverted by defendant. It is contended, however, that the action of the court in permitting plaintiffs to take a voluntary nonsuit under the circumstances which we have detailed, was clearly erroneous. It is urged that the action of the court in announcing that it sustained the defendant's motion, and would direct the jury to return a verdict in its favor, was equivalent to the rendition of a verdict in favor of defendant, because thereafter nothing remained to the jury but a ministerial act, vesting no discretion in them, and in the performance of which they could exercise none. The stubborn fact remains, however, that the judgment which was rendered was against the plaintiffs and in favor of the defendant. Whether the court should have rendered some other judgment does not concern us in the determination of the question as to whether the defendant can appeal from the judgment which it did render. The final judgment from which defendant seeks to appeal is in its favor, and that alone is conclusive upon its right of appeal

under' the statute. It is immaterial whether the nonsuit was voluntary or involuntary, the judgment was the same—the dismissal of the suit, with the costs to be taxed against the plaintiffs. Defendant complains that whilst the judgment was nominally in its favor, it was in effect adverse to it, and exceedingly prejudicial, because it permitted plaintiffs to commence another suit against it. We are cited to *Denver & Rio Grande R. R. Co. v. Iles,* 25 Colo. 23, where it was said: "The hardship to which the defendant may be subjected by being required to defend against successive actions where the plaintiff has been nonsuited, may be conceded, but a trial court may in a proper case either *sua sponte* or upon defendant's motion direct a verdict for the defendant, instead of entering a judgment as of nonsuit, and thus relieve against harassing litigation." We may concede the hardship, but in this instance the court did not avail itself of its privilege to direct a verdict for the defendant instead of entering a judgment as of nonsuit, but on the contrary, did the latter. Whether in so doing it acted wisely or unwisely is immaterial in the determination of this motion. That is a matter which the defendant is entitled to have considered upon taking the case to this court upon error.

The final judgment from which the appeal is sought as rendered by the court, was not against the party who here seeks to appeal, and in such case, this court is without jurisdiction to review it on appeal.

For this reason the motion of the appellees to dismiss the appeal must be sustained; but it appearing that the court would have jurisdiction if the action had come up on writ of error, it will be ordered that the cause be docketed on error.—Mills' Code, sec. 388a; Laws 1893, p. 8, sec. 1.

*Appeal dismissed.*